# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

DAVID DWAYNE CASSADY,    )
                         )
      Plaintiff,       )
                         )
v.                       )      CV621-015
                         )
COMMISSIONER TIMOTHY    )
WARD, *et al.*,          )
                         )
      Defendants.   )

## ORDER

Currently before the Court is Defendants' Motion to Dismiss, doc. 41, to which Plaintiff has responded, doc. 44, and Defendants have replied, doc. 45. Also pending is Plaintiff's Motion to Dismiss, doc. 49, which is unopposed. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion.").

## I.    BACKGROUND

Plaintiff David Dwayne Cassady filed this 42 U.S.C. § 1983 action *pro se* alleging various constitutional violations by Georgia prison officials. *See generally* doc. 1. Counsel then appeared on his behalf, doc.

6, and, with the Court's leave, *see* doc. 11, filed Cassady's Second Amended Complaint, doc. 14.   On Defendants' motion, the Court determined the pleading was an impermissible shotgun complaint and directed Plaintiff to file a Third Amended Complaint.   Doc. 37 at 19. Plaintiff complied.   Doc. 39.   Defendants then moved to dismiss the Third Amended Complaint, doc. 41, Plaintiff responded, doc. 44, and Defendants replied, doc. 45.

After the parties completed their briefing, Plaintiff, appearing *pro se*, filed a "Motion to Remove Counsel."   Doc. 46.   A few days later, Attorney McNeill Stokes filed a Motion to Withdraw as Counsel, citing to his client's own motion to remove him as counsel.   Doc. 47.   The Court granted Stokes' Motion to Withdraw as Counsel, and reminded Cassady, as a *pro se* litigant, of his obligation to prosecute his case.   *See* doc. 48 at 2.   He was also advised that the Court would consider the response to the Defendants' Motion to Dismiss submitted by his now-former attorney, *see* doc. 44, unless Cassady objected within fourteen days.   Doc. 48 at 2-3. Cassady did not file an objection.   *See generally* docket.   Therefore, the Defendants' Motion to Dismiss is ripe for review.

However, Cassady has now filed his own Motion to Dismiss, asking that "his Complaint be dismissed completely without prejudice." Doc. 49 at 2. He contends that "[t]hroughout litigation significant, non-recoverable mistakes were made that now Plaintiff cannot mend." *Id.* at 1. He also indicates that he has "agreed with one defendant, Robert Toole, to dismiss the [a]ction in its entirety, under a gentleman's agreement" because he "is no longer subjected to conditions outlined in the Complaint." *Id.* at 2. Defendants did not file a response to the motion, so the Court considers it unopposed. *See generally* docket.

## II.   ANALYSIS

Federal Rule of Civil Procedure 41(a) governs a plaintiff's request to voluntarily dismiss an action. A plaintiff may voluntarily dismiss a complaint as a matter of right if the defendant consents to the dismissal or the notice is filed before the defendant serves either an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1). A plaintiff's right to file a notice of dismissal under Rule 41(a)(1) before the service of an answer or a motion for summary judgment is "absolute" and "unconditional." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990).

A district court commits error when it refuses to dismiss a complaint without prejudice at a plaintiff's request where the defendant has filed neither an answer nor a summary judgment motion. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977).[1]  In *Carter*, the defendants argued their motion to dismiss should be treated as the equivalent of an answer, therefore barring application of Rule 41(a)(1). *Id.*  The appellate court disagreed, observing that it had "consistently held that Rule 41(a)(1) means what it says." *Id.*  Therefore, Rule 41(a)(1) governs unless a defendant has filed an answer or summary judgment motion. *Id.*  Here, as in *Carter*, defendants have not filed either. *See generally* docket.  Therefore, Cassady is entitled to a dismissal without prejudice under Rule 41(a)(1).

Even if Cassady were not entitled to application of Rule 41(a)(1), dismissal without prejudice is still appropriate.  Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may voluntarily dismiss an action "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Unless the order states otherwise, a Rule 41(a)(2)

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

voluntary dismissal is without prejudice. *Id.* The Court has broad discretion to determine whether voluntary dismissal under Rule 41(a)(2) should be granted. *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001). "[I]n most cases, a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original). Defendants did not oppose Cassady's request for dismissal, so there is no indication they will suffer any prejudice.

## III. CONCLUSION

For the foregoing reasons, Cassady's Motion to Dismiss is **GRANTED**. Doc. 49. His Third Amended Complaint is **DISMISSED, without prejudice**.[2] Defendants' Motion to Dismiss is **DISMISSED**, as moot. Doc. 41. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED,** this 26th day of September, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff consented to plenary disposition of this case by the undersigned United States magistrate judge. *See* doc. 5; *see also* 28 U.S.C. § 636(c).